UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 15-048 CRB |
| Plaintiff, | ) [~~PROPOSED~~] DETENTION ORDER |
| v. | ) |
| JESUS PATINO GAMEZ, | ) |
| Defendant. | ) |

On January 22, 2015, Defendant Jesus Patino Gamez was charged by federal indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute a mixture containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of tampering with documents or proceedings in violation of 18 U.S.C. § 1512(c)(1).  This matter came before the Court on February 12, 2015, for a detention hearing.  Mr. Gamez was present and represented by Jennifer Schwartz.  Assistant United States Attorney Rita Lin appeared for the Government.

Pretrial Services submitted a report that recommended that Defendant be evaluated for a residential drug treatment program and, if accepted to such a program, that Defendant be released to attend such a program under a $100,000 unsecured bond, with two sureties co-signing on that bond.  A

DETENTION ORDER
Case No. CR 14-048 CRB

representative of Pretrial Services was present at the hearing. The Government moved for detention, and Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as a basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant Gamez. The Government proffered that Defendant engaged in ongoing criminal activity even after the October 15, 2014 arrest that is the basis of the charges in this case, and the Court accepts that proffer. The Government proffered that, in the hours following that arrest, Defendant made recorded calls from jail in which he asked his mother to bring a blue bag from his room to the garage and stayed on the phone while she did so. According to the Government's proffer, Defendant then made another recorded call to an associate asking him to pick up the bag, stayed on the phone while the associate did so, and then, referring to the contents of the bag, instructed the associate to "let them go for 4 and quarter or 4 and a half." The Government proffered that the going rate for methamphetamine is $500 an ounce, suggesting that Defendant was directing the sales of methamphetamine from the bag for $425 an ounce or $450 an ounce. The Government further proffered that, on January 18, 2015, while on pretrial release from the state charges pending from the October 15 arrest, the San Francisco Police Department pulled over Defendant and a passenger in Defendant's BMW, and found 27 grams of methamphetamine mixture in the center console, heroin and cocaine in the center cup holders, pay/owe notebooks in the backseat, and $1180 in cash in the Defendant's pockets. Defendant did not, at the time of the hearing, proffer evidence contradicting the Government's account of the jail calls or the January 18 arrest. The Court therefore concludes that there is a reasonable risk that Defendant may continue to engage in criminal activity if released pending trial on his federal charges. These findings are made without

DETENTION ORDER
Case No. CR 14-048 CRB

1  prejudice to the Defendant's right to seek review of his detention should new information arise.

2  Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

3  1. Defendant Gamez be, and hereby is, committed to the custody of the Attorney General
4  for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or
5  serving sentences or being held in custody pending appeal.

6  2. Defendant Gamez be afforded reasonable opportunity for private consultation with
7  counsel; and

8  3. On order of a court of the United States or on request of an attorney for the government,
9  the person in charge of the corrections facility in which the defendant is confined shall deliver defendant
10  to an authorized United States marshal for the purpose of any appearance in connection with a court
11  proceeding.

12  IT SO ORDERED.

14  DATED: 2/17/15



Hon. Joseph C. Spero
Chief United States Magistrate Judge

DETENTION ORDER
Case No. CR 14-048 CRB