IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　Plaintiff,<br>　　v.<br>PATRICK LAGMAY-REIMER,<br>　　　　Defendant. | Case No. 15-cr-00048-CRB-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

Patrick Lagmay-Reimer has moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). See Mot. (dkt. 80). The Court is unable to find that Mr. Lagmay-Reimer is not a danger to the community. See U.S.S.G. § 1B1.13(2). Mr. Lagmay-Reimer's motion for a reduced sentence is therefore denied. The Court determines that there is no need for oral argument.

## I.   BACKGROUND

On March 23, 2016, the Court sentenced Mr. Lagmay-Reimer to 120 months imprisonment and five years of supervised release. See Judgment (dkt. 65) at 2–3. Mr. Lagmay-Reimer had pleaded guilty to (1) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii); and (3) using, carrying, or possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). See Judgment at 1. Mr. Lagmay-Reimer had previously been convicted of selling methamphetamine in 2004 and assault with a deadly weapon in 2005. See Gov't Sentencing Memorandum (dkt. 54) at 3.

On September 28, 2020, Mr. Lagmay-Reimer filed a pro se motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  <u>See</u> Mot. at 1.  The Court appointed Mr. Lagmay-Reimer counsel, <u>see</u> Order Re Appt. of Counsel (dkt. 81), and Mr. Lagmay-Reimer has since supplemented his motion with a memorandum and various exhibits filed under seal.

## II.  LEGAL STANDARD

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 <u>et seq.</u>, does not generally permit federal courts to "modify a term of imprisonment once it has been imposed." <u>Dillon v. United States</u>, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  Congress has provided certain exceptions to that rule.  As relevant here, a court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if certain procedural requirements are met and if "extraordinary and compelling reasons warrant such a reduction."

After the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, a defendant may move for relief under § 3582(c)(1)(A) if the defendant satisfies the statute's exhaustion requirements.  <u>See</u> First Step Act § 603(b)(1).  A defendant may bring a § 3582(c)(1)(A) motion only once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

A court may grant a § 3582(c)(1)(A)(i) motion to reduce a defendant's sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction."[1]  But a court does not have carte blanche to decide that new developments or ideas constitute such reasons, because a sentence reduction under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission."  <u>Id.</u> § 3582(c)(1)(A); <u>see also</u> <u>Dillon</u>, 560 U.S. at 819 (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory after <u>United States v. Booker</u>, 543

---

[1] A court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).

U.S. 220 (2005)).

The Sentencing Commission has enumerated circumstances constituting "extraordinary and compelling reasons" to reduce a sentence. See U.S.S.G. § 1B1.13 cmt n.1. For example, if the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or "a serious physical or mental condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," the "extraordinary and compelling reasons" standard is satisfied. See U.S.S.G. § 1B1.13 cmt. n.1(A)(i)(i)–(ii). The standard is also satisfied if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of imprisonment, whichever is less," U.S.S.G. § 1B1.13 cmt. n.1(B), or in certain circumstances requiring the defendant to care for minor children or a spouse or registered partner, id. § 1B1.13 cmt. n.1(C). Finally, the standard is satisfied if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above-described circumstances. U.S.S.G. § 1B1.13 cmt. n.1(D).

The Sentencing Commission has also directed that a court may reduce a sentence under § 3582(c)(1)(A) only if the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g), in turn, requires courts to "take into account" four factors when determining the defendant's dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

### III. DISCUSSION

Mr. Lagmay-Reimer has not satisfied these requirements because the Court cannot determine with confidence that Mr. Lagmay-Reimer is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The Court first considers "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g). Mr. Lagmay-Reimer was convicted of being a felon in possession of a firearm and ammunition, possession with intent to distribute a mixture containing methamphetamine, and using, carrying, or possessing a firearm during and in relation to a drug trafficking crime. See Judgment at 1. These firearm and drug offenses constitute serious crimes that, by their nature, endanger the community. Next, the Court considers "the weight of the evidence" against Mr. Lagmay-Reimer. 18 U.S.C. § 3142(g). There is no dispute that Mr. Lagmay-Reimer committed the offenses charged, as he admitted when pleading guilty. The Court must also consider Mr. Lagmay-Reimer's "history and characteristics." Id. Mr. Lagmay-Reimer's prior convictions for drug trafficking and assault with a deadly weapon only reinforce the conclusion that Mr. Lagmay-Reimer is a danger to the community. The "nature and seriousness of the danger" that Mr. Lagmay-Reimer poses is, chiefly, an increase in drugs and firearms in the community—a substantial danger. Given the seriousness of Mr. Lagmay-Reimer's criminal history, his generally positive record while in prison (which nonetheless includes two minor infractions, including involvement in a fistfight) does not alter the Court's conclusion.

Because the Court cannot find that Mr. Lagmay-Reimer is not a danger to the community, the Court may not reduce Mr. Lagmay-Reimer's sentence under § 3582(c)(1)(A). See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).[2] Accordingly, the Court need not address whether Mr. Lagmay-Reimer has otherwise shown extraordinary and compelling reasons to do so.[3]

---

[2] For the same reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) would weigh against reducing Mr. Lagmay-Reimer's sentence. 18 U.S.C. § 3582(c)(1)(A).
[3] Mr. Lagmay-Reimer satisfied § 3582(c)(1)(A)'s exhaustion requirements. See Gov't Opp. at 2.

4

## IV. CONCLUSION

For the foregoing reasons, Mr. Lagmay-Reimer's Motion is denied.

**IT IS SO ORDERED.**

Dated: January 14, 2021



CHARLES R. BREYER
United States District Judge